UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID A. SWIFT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1161-DRL-MGG |
| SAYULITA FINE FOODS, | |
| Defendant. | |

OPINION & ORDER

David A. Swift, a prisoner without a lawyer, sues Sayulita Fine Foods under 42 U.S.C. § 1983 after he injured his mouth on a piece of plastic he alleges was found in a bag of tortilla chips manufactured by the defendant. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

According to the complaint, Mr. Swift purchased a bag of Cantina Style Tortilla Chips from the prison commissary. ECF 4 at 3. He ripped open the bag, poured some chips into his mouth, bit down on a piece of plastic, and broke a tooth. *Id.* at 3-4. He saw a dentist the next day and discussed pain management and the likely need for a bridge in the future. *Id.* at 4. Mr. Swift says the tortilla chips were manufactured by Sayulita Fine Foods and distributed by Food Express USA. *Id.* at 4. He sues Sayulita Fine Foods under § 1983 for violating the Eighth Amendment of the Constitution.

The Eighth Amendment protects inmates from prison officials' "deliberate indifference to a substantial risk of serious harm." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quotation marks omitted). It does not constitutionalize tort law. *See Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) ("[W]e have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law."). "Conditions of confinement must be severe to support an Eighth Amendment claim; 'the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities.'" *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). "An objectively sufficiently serious risk is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

The purported defect that caused Mr. Swift's injury does not rise to the level of an Eighth Amendment violation. All people, both in and out of prison, face the risk of encountering foreign objects in packaged food from manufacturing defects. Contemporary standards of decency don't require that prisoners be protected from this type of risk. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). The isolated incident here does not violate the Eighth Amendment.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, there are no additional facts that would state a claim under the Eighth Amendment. Therefore, it would be futile to permit him to amend to try to adumbrate such a constitutional claim.

Any state law claim, including for product liability or another claim, cannot proceed here under the circumstances. Federal courts are courts of limited jurisdiction. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). Cases brought under § 1983 comfortably fall under federal question jurisdiction, *see* 28 U.S.C. § 1331; but, once the § 1983 claim falls away, the court must look to another basis for subject matter jurisdiction. There is no such independent basis established here. The court declines to exercise supplemental jurisdiction over any potential state law claims, *see* 28 U.S.C. § 1367, and the complaint does not allege the prerequisite diversity of citizenship of the parties or a reasonably probable recovery of the jurisdictional amount needed for diversity jurisdiction, *see* 28 U.S.C. § 1332. That doesn't foreclose Mr. Swift from pursuing any such viable state law claims in another venue.

For these reasons, the court DISMISSES the case under 28 U.S.C. § 1915A.

SO ORDERED.

January 5, 2021                             *s/ Damon R. Leichty*
                                            Judge, United States District Court